UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GABRIELLA BASS,

Plaintiff,

- against -

UNTAPPED CITIES, LLC

Defendant.

Docket No.

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Gabriella Bass ("Bass" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Untapped Cities, LLC ("Untapped Cities" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Mayor Bill DeBlasio, owned and registered by Bass, a New York based professional photographer. Accordingly, Bass seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Bass is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 44 St. Nicholas Avenue, Apt. 3R, Brooklyn, New York 11237.

6. Upon information and belief, Untapped Cities is a limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 834 Sterling Place #504 Brooklyn, New York 11216. Upon information and belief Untapped Cities is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Untapped Cities has owned and operated a website at the URL: https://untappedcities.com (the "Website").

**STATEMENT OF FACTS**

**A. Background and Plaintiff's Ownership of the Photograph**

7. Bass photographed Mayor Bill DeBlasio (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Bass then licensed the Photograph to The New York Post. On September 20, 2017 the New York Post ran an article that featured the Photograph entitled *DeBlasio wants to install 1,000 electric-car charging stations by 2020*. See URL https://nypost.com/2017/09/20/de-blasio-wants-to-install-1000-electric-car-charging-stations-by-2020/. Bass' name was featured in a gutter credit identifying her as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Bass is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-080-312 and titled "Bass_Deblasio_119_jpg;". See Exhibit C.

**B. Defendant's Infringing Activities**

11. On or about September 29, 2017, Untapped Cities ran an article on the Website entitled *NYC To Install 50 New Fast-Charging Hubs for Electric Vehicles by 2020.* See URL https://untappedcities.com/2017/09/29/nyc-to-install-50-new-fast-charging-hubs-for-electric-vehicles-by-2020/. The article prominently featured the Photograph. A screen shot of the Photograph on the article is attached hereto as Exhibit D.

12. Untapped Cities did not license the Photograph from Plaintiff for its article, nor did Untapped Cities have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Untapped Cities infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Untapped Cities is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating "Gabriella Bass" and placed it on its Website without the gutter credit.

22. Upon information and belief, Untapped Cities intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Untapped Cities violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Untapped Cities' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Untapped Cities intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Untapped Cities also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Untapped Cities as alleged herein, Plaintiff is entitled to recover from Untapped Cities the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Untapped Cities because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Untapped Cities statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Untapped Cities be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Untapped Cities be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 21, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Gabriella Bass*